UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN C. LOGAN, Chapter 11 Trustee of the PRS Liquidating Trust, | ) ) | CASE NO. 1:10CV567 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| WESTCHESTER FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon consideration of the proper venue for the above-captioned action. The Court issued a Show Cause Order (ECF DKT #13) on May 27, 2010; and, at the October 6, 2010 Case Management Conference, the Court requested supplementation from the parties on the venue issue. The parties submitted their timely responses. For the following reasons, the Court finds, in the interest of justice and for the convenience of the parties and witnesses, the United States District Court for the District of Delaware is the appropriate venue; and orders this case transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

On March 16, 2010, Plaintiff, Sean Logan ("Logan"), Chapter 11 Trustee of the PRS Liquidating Trust, filed his Complaint against Defendant Westchester Fire Insurance Company ("Westchester") and Defendant ACE INA Holdings, Inc. ("ACE"), for breach of two reinsurance agreements and bad faith refusal to pay claims.

The Complaint recites that jurisdiction is based upon diversity, pursuant to 28 U.S.C. § 1332. Logan has indicated that he is an adult resident of Maryland, as well as the Chapter 11 Trustee of the PRS Insurance Group and its subsidiaries, as authorized by the United States Bankruptcy Court for the District of Delaware in Case No. 00-4070. PRS was a Delaware corporation which acted as a holding company for various insurance and insurance-related businesses, including domestic and off-shore subsidiaries. Westchester is a corporation organized under the laws of the State of New York, with its principal office located in Pennsylvania, and licensed to do business as an insurance carrier in fifty states. ACE is a Delaware corporation with its principal place of business in Pennsylvania. The demand in the Complaint exceeds $75,000.00. Thus, subject matter jurisdiction is appropriately founded upon diversity.

Logan is a Maryland resident. The bankruptcy proceeding, out of which Logan was appointed Trustee, is pending in the State of Delaware. Westchester and ACE have their principal offices in Pennsylvania. The reinsurance agreements, at issue, were signed by Defendants in Philadelphia, Pennsylvania, and by PRS in Beachwood, Ohio, in early 2000. An intermediary, authorized to receive payments under the reinsurance agreements, is located in London, England.

Logan points out that each reinsurance agreement contains the identical forum selection clause in Article XXI, which recites: "The Reinsurers hereon and the Reinsured agree that all matters arising under this Agreement shall be submitted to the jurisdiction of and determined by the United States District Court for the Northern District of Ohio, Eastern Division." Further, Defendants, Westchester and ACE do not object to venue in this judicial district.

Notably, the parties executed an Addendum to each of the reinsurance agreements, which amended Article XXI to incorporate the following prefacing statement: "This Article applies only to *those Reinsurers signatory hereto who are domiciled outside the United States of America* or, should the Reinsured be authorised to do business in the State of New York, those Reinsurers who are unauthorised in New York as respects suits instituted in New York." (Emphasis added).

## II. LAW AND ANALYSIS

The Complaint recites that venue is invoked pursuant to 28 U.S.C. § 1391. That provision states, in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
> ****
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. ...

Pursuant to 28 U.S.C. § 1404(a), this Court has broad discretionary powers to transfer civil actions. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." A district court may transfer a case *sua sponte* pursuant to 28 U.S.C. § 1404(a). *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989). However, "[a] court considering *sua sponte* transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter." *Abuhouran v. R.L. Morrison*, No. 4:06CV1207, 2007 WL 4276667, at *1 (N.D. Ohio Nov. 30, 2007)(citing *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006)).

When considering whether a change of venue is warranted, the district court must weigh case-specific factors, public-interest factors and private concerns. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002). Case-specific factors include, but are not limited to:

(1) the nature of the suit;
(2) the place of events involved;
(3) relative ease of access to sources of proof;
(4) nature and materiality of testimony to be elicited from witnesses who must be transported; and
(5) residences of parties.
*Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039 (S.D. Ohio 2002).

Private factors include:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process for attendance of unwilling witnesses;
(3) the cost for obtaining attendance of willing witnesses;
(4) the possibility of inspecting the premises, if appropriate; and
(5) all other practical problems that make trial of a case easy, expeditious and inexpensive.
*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (decided under the more stringent *forum non conveniens* standard superseded by § 1404).

Public interest factors include:

(1) administrative difficulties of courts with congested dockets;
(2) the burden of jury duty on members of a community with no connection to the litigation;
(3) the local interest of having localized controversies decided at home; and
(4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law.
*Gulf Oil*, 330 U.S. at 508.

Also, the district court must grant substantial weight to the plaintiff's choice of forum, and not disturb that choice unless the balance tips strongly in favor of the defendant. *Picker Intern. Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

### **28 U.S.C. § 1391**

Although Logan's Complaint contains the recitation that venue is proper in this District pursuant to 28 U.S.C. § 1391, Logan fails to identify what subsection of the statute applies.  Arguably, venue is appropriate in this District because Defendants, as insurance carriers, are licensed to do business in all fifty states. 28 U.S.C. § 1391(c).  However, the Court's analysis does not stop there.

### **Consideration of Relevant factors**

The nature of this action is breach of contract; and the contract was executed, by the parties sought to be held accountable, in Philadelphia, Pennsylvania.  The jurisdiction, in which the workers' compensation claims at issue arose, is unknown.

According to the Initial Disclosures, twenty-six witnesses are listed by Defendants — from New Jersey, Connecticut, Pennsylvania, Georgia, Maryland, Ohio, New York , Florida, Texas, and France.  The largest number are from Ohio. Plaintiff's additional witnesses are located in New York.

Plaintiff indicates that relevant documents are located in Maryland, Ohio, New York,

and/or Pennsylvania. At the Case Management Conference, conducted on October 6, 2010, counsel for both parties discussed how the necessary documents have been previously located, and some already reviewed, during the course of the Delaware liquidation proceedings.

Neither party has made a jury demand, so the attendant costs and burdens on jurors, from a community with no connection to the litigation, is irrelevant.

By the same token, the liquidation of PRS Insurance Group is venued in Delaware; thus, the Delaware community has a genuine interest in how the claims and assets of the bankrupt debtor are determined. "The states regulate insurance companies for the protection of their residents." *Allstate Insurance Company v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990). Further, "[t]he regulation of insurance companies clearly involves important state interests. This conclusion follows from the McCarran-Ferguson Act, 59 Stat. 33, as amended, 15 U.S.C. §§ 1011 et seq. (1982), wherein Congress declared 'that the continued regulation and taxation by the several states of the business of insurance is in the public interest.'" *Blue Cross and Blue Shield of Michigan v. Baerwaldt*, 726 F.2d 296, 299 (6th Cir. 1984). Federal courts must apply state substantive law and federal procedural law while sitting in diversity jurisdiction. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). In light of this directive, and because the regulation of insurers implicates "vital state interests," *Baerwaldt*, 726 F.2d at 300, this Court would be duty-bound to apply Delaware insurance contract law in determining liability in the within action.

Logan asserts his standing to institute this litigation arises from his appointment as Trustee in Delaware Bankruptcy Court.

Finally, Logan blithely comments, in his Supplemental Memorandum (ECF DKT #18 at 4), that "Ohio seems to be as convenient for the parties as any other forum" and "This Court is as good as any in terms of the convenience of the witnesses" and "When considering the factors concerning whether this is a convenient venue, this district may well be the most convenient forum."

Upon consideration of the relevant factors, no State stands out as the clearly appropriate venue, including the State of Ohio.

**Forum Selection Clause**

Logan points to Article XXI in the reinsurance agreements as evidence of the parties' consent to personal jurisdiction and venue in this Court. Also, he correctly asserts that, generally, courts will enforce forum selection clauses in contracts between sophisticated commercial entities. However, neither Logan nor the Westchester Defendants have discussed the import of the Addendum to the reinsurance agreements, even though urged by the Court at the October Case Management Conference to do so. The Addendum provides that Article XXI applies only to signatory reinsurers domiciled outside the United States of America. It is the Court's view, since Westchester and ACE are *not* domiciled outside the Unites States of America, that the Addendum clearly negates the application of Article XXI, and eliminates the United States District Court for the Northern District of Ohio, Eastern Division as the signatories' chosen forum.

### III. CONCLUSION

"As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a

transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). The Court has carefully considered the private concerns of the parties; Plaintiff's choice of forum; Defendants' admission that they "will abide this Court's determination on venue" (ECF DKT #19 at 2); the location of relevant records, documents and witnesses; the nature of the suit; state sovereign concerns; localized connection of residents; the forum selection language of the reinsurance agreements at issue; and the minimal ties of this litigation to the Northern District of Ohio. Therefore, this Court finds the balance of all relevant factors weighs strongly in favor of transfer to Delaware — where the PRS Insurance Group liquidation is pending, from where Plaintiff Logan's authority to institute this action is derived, and whose substantive law would necessarily have to be applied. The above-captioned case is transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

    **IT IS SO ORDERED.**

    **DATE: October 28, 2010**

                                     S/Christopher A. Boyko
                                     **CHRISTOPHER A. BOYKO**
                                     **United States District Judge**